# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLEN BENNETT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-165-DRH |
| | ) |
| DONALD A. HULICK and | ) |
| ROGER E. WALKER, JR., | ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner, an inmate in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

On January 25, 2007, Petitioner got into an altercation with his cell mate, Inmate Agin. Accordingly to Petitioner, Agin assaulted him, and Petitioner "briefly retaliated;" both inmates sustained injuries. At Agin's urging, Petitioner initially refrained from reporting his injuries, but three days later, both inmates sought medical attention and explained that they had been fighting. After an investigation, Petitioner received a disciplinary ticket for fighting, as well as for providing

false information and impeding an investigation. He was found guilty and punished with six months in segregation, six months at C-grade, and revocation of six months of good conduct credit; that revocation was later reduced to just two months. In this action, Petitioner seeks expungement of the disciplinary report, as well as restoration of his good conduct credit and other privileges.

Although the proper method for challenging the revocation of good time credit is habeas corpus, that remedy is available only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim.

In summary, this habeas action does not survive review under Rule 4. Accordingly, this action is **DISMISSED**. Dismissal is without prejudice to Petitioner refiling his claims after he has exhausted his remedies through the state courts. All pending motions are now **MOOT**.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED: June 12, 2008.**

/s/ DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**